IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND L. MORENO,<br><br>Defendant. | 4:22-CR-3019<br><br>ORDER |

This matter is before the Court on the defendant's motion to amend his sentence (filing 57). The Court will grant the defendant's motion in part and deny it in part.

The defendant's first request is easy. He was ordered to self-surrender to the Bureau of Prisons for service of sentence on February 1, 2023. Filing 55 at 2. But he's now serving a state court sentence for an unrelated crime, with a projected release date of June 23, 2023. Filing 57 at 1. Obviously, he won't be able to self-surrender on February 1. The Court will, accordingly, order the defendant to self-surrender on July 5, 2023.[1]

The rest isn't as simple: The defendant asks the Court to amend the judgment to provide that his federal sentence run concurrently with his state court sentence. Filing 57 at 2. The judgment was silent as to whether the defendant's federal sentence would be concurrent or consecutive to his anticipated state sentence. See filing 55. But that was deliberate.

The Court has the discretion to order that a federal sentence be either consecutive or concurrent to an anticipated state sentence. See *Setser v. United*

---

[1] Should the defendant not be released from state custody as anticipated, that date can be extended again.

*States*, 566 U.S. 231, 233-37 (2012); *United States v. Snow*, 949 F.3d 1094, 1097 (8th Cir. 2020). But when the Court doesn't expressly order the sentences to run concurrently, consecutive sentences are presumed. *See* 18 U.S.C. § 3584(a); *Harris v. Wallace*, 984 F.3d 641, 645 n.2 (8th Cir. 2021); *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013).

And the record here supports that presumption. At sentencing, the Court expressly addressed the defendant's pending sentencing for theft in Madison County, Nebraska, and said: "I'll just tell you whatever Madison County does with it, they do with it, so this sentencing will be stand-alone, and whatever happens in December happens up there. And they may make it concurrent, they may do something different with it, but that's up to Madison County."

One way to exercise discretion is to decline to take up an issue because the proper exercise of discretion turns on future events. *United States v. Williams*, 968 F.3d 907, 910 (8th Cir. 2020). The Court was aware of its discretion to impose a concurrent or consecutive sentence, and chose to forbear in deference to the decision to be made by the state court judge. *See id*. That wasn't erroneous, and the defendant has directed the Court to no authority even *permitting* the Court to modify the sentence. *See* filing 57. *But see*, *e.g.*, Fed. R. Crim. P. 35(a); Fed. R. Crim. P. 36; 18 U.S.C. § 3582(c). But even if the Court had that authority, the Court hasn't been persuaded to change its decision. Accordingly,

IT IS ORDERED:

1. The defendant's motion to amend sentence (filing 57) is granted in part and denied in part.

2. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at 1:00 P.M. on July 5, 2023.

3. The Clerk of the Court is directed to provide a certified copy of this order to the United States Marshal.

Dated this 23rd day of January, 2023.

BY THE COURT:

John M. Gerrard
United States District Judge